Samuel Babin, J.
This is a motion by the defendants to stay the plaintiff’s action herein until arbitration has been had between the parties hereto.
The plaintiff, the owner of 49% of the outstanding shares of the capital stock of the defendant Strauss Displays, Inc., sues derivatively on behalf of that corporation, which is the real party aggrieved (Brock v. Poor, 216 N. Y. 387). She seeks judgment directing the individual defendants, who are the owners of 51% of the outstanding shares of stock of the said corporation, to account for all property, moneys, profits, advantages and benefits allegedly converted by them and divested to their own use, the use of another corporation or lost, wasted or dissipated by them as the result of violation of their duties and obligations as officers, directors and controlling stockholders; that they be enjoined from wasting and dissipating assets, profits and moneys of the corporation and for incidental relief.
Because the plaintiff and the individual defendants on July 6, 1959, executed a preincorporation stockholders’ agreement for the organization of the defendant, which contained an arbitration clause hereinafter set forth in part, it is the contention of the defendants that the claims embodied in plaintiff’s complaint are referable to arbitration.
While it is true that the complaint in part charges violation of the stockholders’ agreement, to which the corporation was not a party, the gravamen of the cause of action alleged is the claimed violation by the individual defendants of their fiduciary and trust obligations as directors and officers of the corporation in whose right the suit was brought. It can hardly be said that such alleged violations constitute, in the language of the arbitration clause, “ Any dispute or disagreement among the parties with respect to any provisions of this agreement or its interpretation ”. It is clear that the preincorporation agreement executed by the parties was intended to cover only the relationship among the stockholders, inter se.
Accordingly, the issues tendered in the complaint in this action are not referable to arbitration. (Matter of Diamond, 80 *575 N. Y. S. 2d 465, affd. 274 App. Div. 762; see, also, Matter of Burkin [Katz], 1 N Y 2d 570.) The motion is denied and the stay contained in the order to show cause, dated September 16, 1960, vacated with leave to the defendants to answer within 10 days of the service of a copy of the order to be entered hereon with notice of entry.